IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAD BRYNDAL,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 09 C 3075
                                 )
EXPERIAN INFORMATION SOLUTIONS,  )
INC., et al.,                    )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

Experian Information Solutions, Inc. ("Experian"), one of the two defendants in this Fair Credit Reporting Act lawsuit brought by Brad Bryndal ("Bryndal"), has filed its Answer to Bryndal's Complaint, adding no fewer than 10 purported affirmative defenses ("ADs"). Because that filing could well serve as a poster child for the type of defective responsive pleading that led this Court to publish an Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)(an opinion that this Court's website orders every defense counsel to review before filing any responsive pleading), the Answer and ADs are stricken in their entirety--but with leave granted to file a proper replacement.

First, Answer ¶¶2 and 3 are dead wrong in saying that "no response is required" to allegations of jurisdiction and venue because they are "legal conclusions." In that respect see App. ¶2 to State Farm.

Next Experian follows each Fed. R. Civ. P. ("Rule") 8(b)(5)

disclaimer that entitles it to a <u>deemed</u> denial by asserting that it, "on that basis, denies, generally and specifically, each and every allegation contained therein" (Answer ¶¶6, 10, 12, 14, 15 and 22). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Hence the quoted phrase is stricken from each of those paragraphs of the Answer.

Experian's counsel then flouts the Rule 8(b)(1)(B) obligation to admit or deny all of Bryndal's allegations by stating instead that each of several Exhibits or statutory sections "speaks for itself." Not so--see App. ¶3 to <u>State Farm</u>.

Finally, virtually all of the ADs are problematic. Here are those that this Court has noted particularly (this may not be exhaustive, for Bryndal's counsel may note and assert other claimed flaws):

    1. AD 1 is essentially the equivalent of a Rule 12(b)(6) motion. Quite apart from the propriety or lack of propriety of including such an unsupported motion among ADs, it is flat-out wrong when (as the concept of an AD requires--see App. ¶5 to <u>State Farm</u>) Bryndal's allegations are accepted as gospel.

    2. ADs 2, 3, 6, 7 and 9 are also at odds with the

just-stated obligation to credit Bryndal's allegations as true.

3. Under the facts alleged by Bryndal, just how could he have failed "to mitigate his damages," as AD 4 claims? If such an AD is to be advanced, it must be fleshed out under the principles of notice pleading that apply to defendants as well as plaintiffs in the federal court system.

4. That same problem attaches to AD 5's assertion of "laches"--the parroting of a legal concept unsupported by any ground for its assertion.

5. AD 8's assertion of a statute of limitations defense appears to be at odds with Complaint ¶12 and its Ex. E. Again any such limitations claim must advert to some ground for its assertion.

6. AD 10 purports to "reserve[ ] the right to assert additional affirmative defenses" in the future. That is both unnecessary and inappropriate, for any prospective future ADs would in all events have to be tested by the then-existing posture of the case.

As stated at the outset, the Answer and ADs are stricken in their entirety. Leave is granted to file a proper replacement on or before July 15, 2009. No charge is to be made to Experian by its counsel for the added work and expense incurred in correcting

counsel's errors.  Experian's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:  July 1, 2009